﻿Citation Nr: 19172635
Decision Date: 09/19/19 Archive Date: 09/18/19

DOCKET NO. 13-03 176A
DATE: September 19, 2019

ORDER

Entitlement to a compensable rating for residuals of a right fifth metatarsal fracture is denied.

FINDING OF FACT

The evidence of record demonstrates that the Veteran’s residuals of a right fifth metatarsal fracture have not been productive of symptoms yielding a compensable rating. 

CONCLUSION OF LAW

The criteria for a compensable rating for residuals of a right fifth metatarsal fracture have not been met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 3.102, 4.3, 4.7, 4.40, 4.45, 4.59, 4.71a, Diagnostic Codes (DCs) 5003, 5010, 5270 – 5274, 5276 - 5284.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from August 1973 to August 1993. The matter is before the Board of Veterans’ Appeals (Board) on appeal from an August 2016 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO). 

The issue of a compensable rating for residuals of a right fifth metatarsal fracture was previously before the Board, and the issue was remanded by an August 2017 decision in order to comply with Correia v. McDonald, 28 Vet. App. 158 (2016), as passive and active joint testing was not reported by the examiner. However, the Board’s August 2017 decision denied assignment of an earlier effective date for the award of service connection for residuals of a right fifth metatarsal fracture. Therefore, the issue is limited to entitlement of a compensable rating for residuals of a right fifth metatarsal fracture. 

The issue of service connection for a genitourinary disorder was also remanded by the August 2017 decision of the Board. However, the RO granted service connection for recurrent gonococcal infections upon remand. Therefore, the issue of service connection for a genitourinary disorder is no longer before the Board. 

Increased Rating

Ratings are based on a schedule of reductions in earning capacity from specific injuries or combination of injuries. The ratings shall be based, as far as practicable, upon the average impairments of earning capacity resulting from such injuries in civil occupations. 38 U.S.C. § 1155. Generally, the degrees of disability specified are considered adequate to compensate for considerable loss of working time from exacerbations or illnesses proportionate to the severity of the several grades of disability. 38 C.F.R. § 4.1.

Where there is a question as to which of two evaluations shall be applied, the higher evaluation will be assigned if the disability picture more nearly approximates the criteria required for that rating. Otherwise, the lower rating will be assigned. 38 C.F.R. § 4.7. When after careful consideration of all procurable and assembled data, a reasonable doubt arises regarding the degree of disability, such doubt will be resolved in favor of the claimant. 38 U.S.C. § 5107(b); 38 C.F.R. §§ 3.102, 4.3.

Entitlement to a compensable rating for residuals of a right fifth metatarsal fracture. 

The Veteran’s residuals of a right fifth metatarsal fracture are currently rated at 0 percent under DC 5271, which provides for a maximum schedular rating of 20 percent for marked limitation of range of motion and a 10 percent rating for moderate limitation of range of motion. 38 C.F.R. § 4.71a, DC 5271. Normal range of motion of the ankle is zero to 20 degrees for dorsiflexion and zero to 45 degrees for plantar flexion. See 38 C.F.R. § 4.71, Plate II. Painful motion is entitled to at least the minimum compensable rating for a joint. See 38 C.F.R. § 4.59; Burton v. Shinseki, 25 Vet. App. 1, 3-5 (2011). A 10 percent rating is the minimum compensable rating for limitation of motion of the ankle. See 38 C.F.R. § 4.71a, DC 5271.

In addition to considering whether the Veteran is entitled to a compensable rating under DC 5271, the Board has also considered whether any of the DCs for the ankle, foot, and arthritis would produce a compensable rating. Unfortunately, the Board concludes that none of the DCs that could be considered yield a compensable rating. 

The Veteran underwent a VA ankle examination in May 2016. Although the Board ultimately determined that the May 2016 VA examination was inadequate, the Board notes that the examiner indicated the Veteran was found to have normal range of motion, no pain on examination, there was no evidence of pain with weight bearing, no pain on palpation, and there was no loss of function with repetitive use testing. The examiner stated that pain, weakness, fatigability or incoordination did not significantly limit functional ability with repeated use over a period of time, nor with flare-ups. The Veteran had no loss of strength and did not have ankylosis. However, arthritis of the right ankle was documented through imaging. 

In February 2018, the Veteran underwent a VA foot examination. The examiner indicated the right fifth metatarsal fracture was resolved, the right fifth metatarsal was not affected by the resolved fracture, no pain was demonstrated on examination, and there was no functional loss.

The Veteran also had a VA foot examination in May 2018, which revealed no functional limitations due to the right fifth metatarsal fracture. There was no pain, weakness, fatigability, or incoordination, and the Veteran denied flare-ups. The Veteran stated, “once in a while I feel it there, but it doesn’t really bother me that much.” There was full active and passive range of motion of the toe on both weight-bearing and non-weight bearing. There were no visible deformities of toe. The examiner found that the contralateral joint, right fourth metatarsal was not affected, and that the fracture of right fifth metatarsal was resolved.

In March 2019, the Veteran was afforded another VA ankle examination. The examiner noted that there was a finding of arthritis of the ankle. No flare-ups were indicated, range of motion was normal, no pain was found on examination, no pain with weight bearing, slight tenderness to the achilles tendon and lateral malleolus, with no crepitus. The examiner stated that pain, weakness, fatigability or incoordination do not significantly limit functional ability with repeated use over a period of time. The Veteran was found to have normal strength, no ankylosis, no dislocation, no pain on active or passive motion, and no evidence of pain on weight bearing or non-weight bearing. 

In assessing the Veteran’s disability under DC 5271, the record does not establish that the Veteran has any loss of motion of the ankle, let alone moderate limitation. Therefore, no compensable rating can be assigned through the application of DC 5271. 38 C.F.R. § 4.71a, DC 5271. As such, the Board has also considered whether any other DCs applicable to the ankle or foot may produce a compensable rating. 38 C.F.R. § 4.71a, DCs 5270 – 5274, 5276 – 5284. However, the record does not demonstrate that the Veteran has ankylosis or a moderate disability raising the Veteran’s residuals of a fifth metatarsal fracture to a compensable level. To the contrary, the evidence indicates that the Veteran’s right fifth metatarsal fracture has fully resolved with no residuals, other than evidence of arthritis. 

Because the evidence establishes that the Veteran has arthritis of the right ankle, a compensable rating for arthritis under DC 5010 has been considered. 38 C.F.R. § 4.71a, DC 5003, 5010. DC 5010 directs arthritis due to trauma be rated under DC 5003, and DC 5003 directs that degenerative arthritis established by X-ray findings will be rated on the basis of limitation of motion under the appropriate DCs for the specific joint or joints involved. When however, the limitation of motion of the specific joint or joints involved is noncompensable under the appropriate DCs, a rating of 10 percent is for application. 38 C.F.R. § 4.71a, DC 5003. In this instance, the DCs applicable to the ankle and foot have been considered, and the Veteran’s condition has been found noncompensable under those DCs. Therefore, the Board has considered DC 5003 for application in this instance. However, the evidence reveals that the Veteran has no limitation of motion. Furthermore, no evidence of swelling, muscle spasm, or pain on motion has been shown. As such, no basis upon which to assign a compensable rating under 5003 is warranted. 

The Board has also considered the provisions of 38 C.F.R. §§ 4.40, 4.45, 4.59, and the holdings in DeLuca. See 38 C.F.R. §§ 4.40, 4.45, 4.59; see also DeLuca v. Brown, 8 Vet. App. 202, 204-7 1995). However, an increased evaluation for the Veteran’s residuals of a right fifth metatarsal fracture is not warranted on the basis of functional loss due to pain and fatigue in this case, as the record does not support that the Veteran has pain and fatigue due to his resolved right fifth metatarsal fracture. 

Accordingly, the preponderance of the evidence is against a compensable rating for the Veteran’s residuals of a right fifth metatarsal fracture. All evidence has been considered and there is no doubt to be resolved. See 38 U.S.C. § 5107(b); 38 C.F.R. §§ 4.3, 4.7; Gilbert, 1 Vet. App. 49 (1990).

 

 

LLOYD CRAMP

Acting Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board B. Temple, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.